# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOHN L. WILLIAMS-EL )
(a.k.a. Ptah Ankh Amun), )
                Plaintiff, )   Case No. 3:08-cv-0542-RCJ-VPC
)
vs. )
)   **ORDER**
HOWARD SKOLNIK, *et al.*, )
)
               Defendants. )

      Plaintiff John L. Williams-El, has filed a Third Amended Complaint in response to the court's screening order of August 3, 2010. The complaint is subject to the provisions of 28 U.S.C. § 1915 and the court's review under that statute is discussed below.

**I.   Screening Pursuant to 28 U.S.C. § 1915A**

      Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1914A(a). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and 92) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

      Dismissal of a complaint or part thereof for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12 (b)(6), and the court will apply the same standard under §1915 when reviewing a complaint or an amended complaint. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *North Star Int'l v. Arizona Corp. Comm'n,* 720

F.2d 578, 580 (9th Cir. 1983). In considering whether plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, if it appears to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may *sua sponte* dismiss the cause of action or portions thereof. *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982).

An entire complaint or portions thereof filed by a litigant proceeding *in forma pauperis* can therefore be dismissed *sua sponte* if it lacks an arguable basis either in law or in fact. 28 U.S.C. § 1915(e)(2). This includes those that possess legal conclusions that are untenable (e.g., wherein the defendants are immune from suit or claims of infringement of a legal interest which clearly does not exist) as well as those that only contain fanciful factual allegations, (e.g., claims describing fantastic or delusional scenarios). The complaint filed herein is subject to *sua sponte* dismissal prior to service on the named defendants.

## II.   Discussion

Plaintiff brings two claims for relief alleging retaliation for his attempts to exercise his First Amendment right to use the grievance system and to seek redress. Plaintiff identified Greg Cox, Deputy Director of NDOC, and E.K. McDaniel, Warden of Ely State Prison. These defendants are named in their official capacity. Sgt Schaff, Senior Correctional Officer Lance J. Pierce, and Sgt. P. Hunt are named as defendants in both their official and their individual capacities.

### Count One

In this count, plaintiff claims he was denied freedom of speech in January 2009. He contends that he was denied delivery of a previously approved correspondence course because he challenged the decision of Ely State Prison (ESP) mailroom personnel to classify certain other mail as

2

1 unauthorized. Plaintiff identified defendant Sgt. P. Hunt as the individual who returned the authorized correspondence course, and complains that this action was "using U.S. Postal Service to personally violate [his] constitutional rights."

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *See also Clement v. Cal. Dep't. Of Corr.*, 364 F.3d 1148, 1151 (9th Cir. 2004). However, prisons may implement regulations which may impinge on an inmates constitutional rights if those regulations are reasonably related to institutional safety and security or other legitimate penological interests. *Turner v. Safley* 482 U.S. 78, 89 (1987); *see also Beard v. Banks*, 548 U.S. 521, 528 (2006).

This claim shall proceed as pleaded.

Count Two

In the second claim for relief, plaintiff claims retaliation for exercising his First Amendment Right to Free Speech when defendants Pierce and Schaff denied him an emergency grievance form to complain about the present and recurring issue of being assigned a smoking cell-mate and then brought disciplinary charges against him in an effort to foreclose his ability to bring a grievance. He suggests that because he was found guilty of making threats either verbally, by gesture or in a written statement and of organizing, encouraging or participating in a work stoppage he has been procedurally foreclosed from bringing a grievance on the cell-mate issue.

"A prisoner suing prison officials under 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam); *see also Vignolo v. Miller*, 120 F.3d 1075, 1077-78 (9th Cir. 1997). Such claims must be evaluated in the light of deference that must be accorded to prison officials. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). The prisoner must establish

3

1  a link between the exercise of constitutional rights and the allegedly retaliatory action. *Cf., id.* (finding
2  insufficient evidence) *with Valadingham v. Bojorquez,* 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding
3  sufficient evidence). Finally, the prisoner must demonstrate that his first amendment rights were
4  actually chilled by the alleged retaliatory action. *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000).

In this instance, plaintiff has not shown that the prison regulations he cites would actually foreclose his ability to file a grievance or take other steps to address the purported recurring problem with being assigned a smoking cell-mate. The regulations appear to deny an inmate the right to file a grievance related to a disciplinary proceeding. However, from the statements contained in the complaint, the court cannot draw a connection to charges of threats and work stoppage to the issue of the smoking cell-mate.

Plaintiff has not stated a claim of retaliation on the facts presented and count two of this third amended complaint shall be dismissed with prejudice.

The Third Amended Complaint shall proceed against defendant Paul Hunt on Count One only.

**IT IS THEREFORE ORDERED** that Count Two of the Third Amended Complaint is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's third amended complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal,* the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5. The parties **SHALL DETACH, COMPLETE AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

DATED: This 20th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE

5

```
Name
Prison Number (if applicable)
Address
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

_____,   )   Case No. _____
                  Plaintiff,          )
                                      )
v.                                    )   NOTICE OF INTENT TO
                                      )   PROCEED WITH MEDIATION
_____,     )
                                      )
_____      )
                  Defendants.         )
_____)

    This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.  Do you wish to proceed to early mediation in this case? \_\_\_\_ Yes  \_\_\_\_ No

2.  If no, please state the reason(s) you do not wish to proceed with mediation? _____

    _____

    _____

    _____

3.  List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

    _____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of entry of this order.

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 2010.

_____
Signature

_____
Name of person who prepared or
helped prepare this document

7